JUDGE TUCKER
observed that this difficulty was removed by the case of Claiborne’s Executor v. Hill, 1 Wash. 177.(1)
Friday, November 5. The Judges delivered their opinions.
JUDGE TUCKER. Three questions arose in this cause. 1. Whether a deed of trust, or mortgage of lands, or slaves, *or other personal chattels, not proved or acknowledged within eight months from the execution thereof, be void as against creditors; and, consequently, the property thereby conveyed, liable to be taken in execution to satisfy a judgment obtained in behalf of the Commonwealth ; under the act of 1792, (Rev. Code, 1 vol. c. 90, s. 4,) concerning conveyances, which declares that all deeds of trust and mortgages, whatsoever, thereafter to be executed, shall be void as to all creditors and subsequent purchasers, unless they shall be acknowledged, or proved according to the directions of that act; and ibid. c. 84, s. 9, 10, 17, concerning the recovery of debts due to the public.
2. Whether a deed of trust of slaves or personal estate be also void as against creditors, &c. if not acknowledged by the party delivering the same, in Court, or proved by three witnesses pursuant to the first and fourth sections of the same act first mentioned, concerning conveyances.
3. Whether the Court of Chancery hath jurisdiction in cases where property taken in execution in behalf of the Commonwealth, shall be claimed by any other person, under any deed of trust or mortgage for the same, under the provisions contained in the 22d and 31st sections of the act concerning the recovery of debts due to the public. Ed. 1794, c. 84.
X am clearly of opinion that all deeds of trust and mortgages, coming under either of the above descriptions, are void as against creditors and purchasers without notice for a valuable consideration, and that the lands, slaves, or other property thereby conveyed, are liable to the Commonwealth’s execution; and finally, that the Court of Chancery hath jurisdiction in all such cases.
JUDGE ROANE
was of the same opinion.
JUDGE FLEMING.
On my first inspection of the record, I supposed that the deed from Verell to Pegram and Nicholas, conveying personal estate only, and having been admitted to record within eight months from its date, was *valid against subsequent purchasers and creditors; but upon recurring to the act of Assembly for regulating conveyances, passed in the month of December, 1792, it appears not to have been proven as the law directs.
In the 4th section it is enacted, that all deeds of trust and mortgages whatsoever, which shall thereafter be made and executed, shall be void as to all creditors and subsequent purchasers, unless they shall be acknowledged or proved, and recorded, according to the directions of the act; which directions, by the first clause of the act, are, that the deed be either acknowledged by the party or parties, who shall have sealed and delivered it, or be proved by three witnesses, to be his, her, or their act, &c. and the deed in question having been attested and proved by two witnesses only, is void as to creditors and subsequent purchasers without due notice; I am therefore of opinion, that the decree is correct and ought to be affirmed.
By the whole Court, the decree was affirmed.

 Note. It appears from the record of that case, that Herbert Claiborne resided In New Kent County, and Augustine Claiborne in Sussex: that the slaves conveyed by the mortgage from Herbert to Augustine Claiborne, bearing date the 1st of February, 1783, were on a plantation in King William County: and that the mortgage, which was recorded in New Kent, (where the mortgagor resided,) was declared by the Court of Appeals to have been duly recorded. —Note in Original Edition.